UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| YAK CRAFTERS JERKY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-151-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PBFY, Inc., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant PBFY, Inc. removed this matter from the Menifee Circuit Court on May 28, 2021. It asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. [Record No. 1] Plaintiff Yak Crafters Jerky, LLC, has not yet addressed subject matter jurisdiction, but the Court has an ongoing obligation to assess whether it has jurisdiction. *See, e.g.*, *Lane v. City of LaFollette*, 490 F.3d 410, 423 n.5 (6th Cir. 2007) (citations omitted). After an initial review, the Court notes several deficiencies in the defendant's notice of removal.

Federal district courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The statute requires "complete diversity, such that no plaintiff is a citizen of the same state as any defendant." *V&M Star LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). A corporation is a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). And "limited liability companies [LLCs] 'have the

- 1 -

citizenship of each partner or member.'" *Yarber v. M.J. Elec., LLC*, 824 F. App'x 407, 409 (6th Cir. 2020) (quoting *Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

Here, neither party's citizenship is properly alleged in the notice of removal. For Defendant PBFY, the allegation that it is "a California corporation" is insufficient. [Record No. 1, ¶ 4] Because a corporation is a citizen of every state under whose laws it is incorporated, more precision is necessary. Additionally, the allegation that it has "*a* principal place of business" in California suggests that PBFY may believe it has multiple places of business. [*Id.* (emphasis added)] However, a corporation can only have one principal place of business. *See Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 372 (6th Cir. 2014) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)).

Plaintiff Yak Crafters Jerky's citizenship is also insufficiently alleged. The notice of removal asserts that it is a "Kentucky limited liability company with [a] principal office" in Kentucky. [Record No. 1, ¶ 4] But the citizenship of an LLC is based on that of its members, not its place of business. *Yarber*, 824 F. App'x at 409. The defendant's notice of removal does not name any members of Yak Crafters Jerky or properly allege their citizenship.

Finally, the notice of removal also fails to allege that Section 1332's amount-in-controversy requirement is met. PBFY has the burden to prove by a preponderance of the evidence that Yak Crafters Jerky is "entitled to a recovery of at least $75,000.01 [exclusive of interest and costs] should [it] be successful in proving [its] legal claims." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). The defendant's notice of removal states that "the matter

in controversy exceeds $75,000" but includes no support for that conclusion. [Record No. 1, ¶ 4]

Accordingly, it is hereby

**ORDERED** that Defendant PBFY, Inc., shall **SHOW CAUSE on or before Monday, June 14, 2021**, why this matter should not be remanded to state court.

Dated: June 1, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky